### WILLIAM GLYNN *vs.* CENTRAL RAILROAD COMPANY.

Suffolk.    January 12, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Negligence — Liability of first of two Railroads for Defect in Car.*

If, after a car has passed from the hands of one railroad into those of another and before it has reached the place where an accident occurs, it has passed a point at which the cars are inspected, the responsibility of the first railroad for a defect in the car is at an end.

TORT, for personal injuries occasioned to a brakeman employed by the New York, New Haven, & Hartford Railroad Company, while at work upon a train of that road at Stonington, Connecticut, a station twelve miles east of New London. Trial in the Superior Court, before *Aiken*, J., who, at the request of the defendant, directed a verdict for the defendant; and the plaintiff alleged exceptions.

*G. W. Anderson*, (*S. A. Fuller* with him,) for the plaintiff.

*R. Thorne*, (of New York,) (*C. F. Choate, Jr.* with him,) for the defendant.

HOLMES, C. J.    This is an action for personal injuries. The plaintiff was at work for the New York, New Haven, and Hartford Railroad Company, at Stonington, Connecticut, and was engaged in coupling a train to a car belonging to the defendant when his sleeve was caught by a bolt projecting from the deadwood of the car and his hand was crushed. We assume that the car was in such a condition that, apart from the question of

notice, it would have warranted a finding that the defendant was liable, had the car been in its possession and the plaintiff in its employ.    We assume further, without deciding, that the evidence warranted a finding that the car had come from the possession of the defendant recently, and in the same condition as that in which it was at the time of the accident.    But nevertheless we are of opinion that the judge who tried the case was right in directing a verdict for the defendant.

There was no dispute that after the car had come into the hands of the New York, New Haven, and Hartford Railroad, and before it had reached the place of accident, it had passed a point at which the cars were inspected.    After that point, if not before, we are of opinion that the defendant's responsibility for the defect in the car was at an end.

There is more obscurity than there ought to be, perhaps, upon the limits of liability in general.    The fact that the damage complained of would not have happened but for the intervening negligence of a third person has not always been held a bar, although negligent conduct, so far as it is a tort, is unlawful in as full a sense as malicious conduct, and although ordinarily even a wrong-doer would not be bound to anticipate a wilful wrong by a third person.    See *Elmer* v. *Locke,* 135 Mass. 575, 576, and cases cited in *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47, 48 ; *Engelhart* v. *Farrant,* [1897] 1 Q. B. 240.    Compare *Hayes* v. *Hyde Park,* 153 Mass. 514, 515, 516.    But when a person is to be charged because of the construction or ownership of an object which causes damage by some defect, commonly the liability is held to end when the control of the object is changed.

Thus the case of *Clifford* v. *Atlantic Cotton Mills,* just cited, shows that the mere ownership of a house so constructed that its roof would throw snow into the street, and therefore threatening danger as it is without more, whenever snow shall fall, is not enough to impose liability when the control of it has been given up to a lessee who, if he does his duty, will keep it safe.    In the case at bar the car did not threaten harm to any one, unless it was used in a particular way.    Whether it should be used in a dangerous way or not depended not upon the defendant but upon another road.    Even assuming that the car had come straight from the defendant at Harlem River, the defendant did no unlawful act in handing it over.    Whatever may be said as to the

responsibility for a car dispatched over a connecting road before there has been a reasonable chance to inspect it, after the connecting road has had the chance to inspect the car and has full control over it, the owner's responsibility for a defect which is not secret ceases. See *Sawyer* v. *Minneapolis & St. Louis Railway*, 38 Minn. 103; *Wright* v. *Delaware & Hudson Canal Co.* 40 Hun, 343; *Mackin* v. *Boston & Albany Railroad*, 135 Mass. 201, 206.

Upon the same principle, that commonly when a new control comes in the former responsibility is at an end, a vendor who makes no representation is not liable to a remote purchaser of the article sold, for damage done by defects in it. *Davidson* v. *Nichols*, 11 Allen, 514, 518. *Losee* v. *Clute*, 51 N. Y. 494. *Curtin* v. *Somerset*, 140 Penn. St. 70. *Necker* v. *Harvey*, 49 Mich. 517, 519. An extreme case is *Collis* v. *Selden*, L. R. 3 C. P. 495.

It is recognized in *Clifford* v. *Atlantic Cotton Mills*, that the rule is different when the use from which the damage ensued plainly was contemplated by the lease. *Jackman* v. *Arlington Mills*, 137 Mass. 277. *Harris* v. *James*, 45 L. J. Q. B. 545. See *Devlin* v. *Smith*, 89 N. Y. 470. In *Heaven* v. *Pender*, 11 Q. B. D. 503, 515, it was considered that the use not only was contemplated but was invited. See *Blakemore* v. *Bristol & Exeter Railway*, 8 El. & Bl. 1035, 1052, 1053. But contemplation means a good deal more than simply recognizing a probability. In *Sowell* v. *Champion*, 2 Nev. & P. 627, 634, it was held that an act generally lawful, such as placing a writ for execution in the hands of an officer, was not made unlawful by a full persuasion or even knowledge that the officer was likely to execute it in a place which might and did turn out to be out of his jurisdiction. The officer had an unfettered right of decision, and it was his lookout to see that he kept within the law. See *Kahl* v. *Love*, 8 Vroom, 5; *Savings Bank* v. *Ward*, 100 U. S. 195. So here as to the car. There has been a suggestion in some cases of a more severe rule in the case of very dangerous agencies. *Loop* v. *Litchfield*, 42 N. Y. 351., *Goodlander Mill Co.* v. *Standard Oil Co.* 63 Fed. Rep. 400. But whether there be any such qualifications or not the present case is not within it. If it had appeared that the use made of the car was contemplated by the defendant, it still would have been a use subject to inspection, and of a car with no secret defect.

By a Connecticut statute of 1895, c. 176, no action for damages in a case like the present can be maintained unless a notice of the claim, etc. is given to the defendant company within four months. If this be construed as going only to the remedy, no doubt it is local and is not a bar to the present action. But if it applies to the present case and goes to the substantive right, it is a bar. An act done and having its consequences within a civilized jurisdiction and lawful or free from liability there is not actionable elsewhere. *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176, 179. We say so much because it was argued that the Connecticut statute could not control the action of the court. But in view of what we have said it is unnecessary to consider which is the true view of the statute. It also is unnecessary to consider any question of evidence which was argued.                                    *Exceptions overruled.*