## Louisville & Nashville Railroad Company v. Mink.

(Decided February 10, 1916.)

### Appeal from Whitley Circuit Court.

1. Master and Servant—Negligence—Presumption of.—Mere proof of accident or injury to the servant does not raise the presumption of negligence on the part of the master.

2. Master and Servant—Res Ipsa Loquitur.—The doctrine of res ipsa loquitur does not apply where the thing which causes the injury is not shown to be under the management and control of the defendant or its servants.

3. Negligence—Evidence.—Where the evidence is equally consistent with the existence or non-existence of negligence causing the injury to the plaintiff, he must fail.

HIRAM H. TYE and BENJAMIN D. WARFIELD for appellant.

SAWYER A. SMITH and J. B. WALL for appellee.

Opinion of the Court by Judge Clarke—Reversing.

On August 16, 1914, appellee as brakeman on one of appellant's freight trains was standing on top of a box car as the train was passing through the City of Middlesboro on its way from Norton, Virginia, to Corbin, Kentucky, and was injured. The telephone company in Middlesboro, in order to carry its telephone wires across appellant's railroad track, maintains a cable some two or three inches in diameter across the track and from twenty-two to twenty-five feet above the track, in which place and position it was held by posts on either side of the track, to the top of which the cable was attached by iron hangers, fastened to the posts with wooden screws. At the time of the accident complained of, one of the iron hangers supporting this cable had become or became detached, which permitted the cable to sag low enough so that it struck appellee on the neck as the train passed under the cable, and knocked him down on the running board of the car upon which he was standing. He was not knocked off of the car, but claims he was seriously and permanently injured by the blow. There is nothing in the evidence to show how long before this accident the cable had sagged to the position where it became a menace to appellant's employes upon the top of its trains passing under the cable, or by what authority it was placed over appellant's railroad tracks. Appellee contented himself with proving how and when he was injured, and the extent of his injury, but he did not introduce any evidence tending to show whose duty it was to maintain the cable or by whose negligence or act the cable had been caused or permitted to sag into the dangerous position in which it was at the time, nor does he introduce any proof whatever to show when this sagging occurred, or that appellant knew or by the exercise of any care might have known of the condition of the cable in time to have prevented the accident. At the close of appellee's testimony appellant moved the court to direct the jury to return a verdict in its favor. The court overruled the motion, and that the court erred in so doing is assigned by appellant as one of the grounds for a reversal.

It is appellee's contention that the doctrine of res ipsa loquitur is applicable, and that the mere fact that the accident occurred as it did was sufficient to create a prima facie case of negligence upon appellant's part.

It is appellant's contention that as this cable was not proven, and as a matter of fact was not under its control or management, that it was not responsible for its dangerous position, and is not liable unless it knew of the dangerous condition or it had existed for a sufficient time before the accident for appellant to have known, by the exercise of ordinary care, of said condition; that the rule of *res ipsa loquitur* is not applicable to this case.

Unless said doctrine is applicable to this case, appellee did not make out a case against appellant and a motion for a directed verdict should have prevailed.

In Thomas on Kentucky Words and Phrases, 412, the doctrine of *res ipsa loquitur* is thus defined:

"Where the thing which causes the injury is shown to be under the management or control of the defendant or its servants, and the accident is such as in the ordinary course of things does not happen if those who have the management or control use proper care, it affords reasonable evidence, in the absence of an explanation by the defendant, that the accident arose from want of care." Citing Shinn Glove Co. v. Sanders, 147 Ky., 349, 144 S. W., 11; City of Corbin v. Benton, 151 Ky., 486, 152 S. W., 241; and to the same effect are T. & P. Ry. Co. v. Barrett, 166 U. S., 617; Midland Valley R. Co. v. Fulgham, 181 Fed., 91; Montbriand v. C. St. P. M. & O. Ry. Co., 191 Fed., 988.

Quite a number of cases are cited by counsel on either side on this question, those cited by appellee being as follows: Shinn Glove Co. v. Sanders, 147 Ky., 349; Vissman v. Southern Ry. Co., 89 S. W., 502; Paducah Traction Co. v. Baker, 130 Ky., 360; Reliance Textile & Dye Works v. Williams, 136 Ky., 577, and Sherman and Redfield on Negligence, Section 59.

In all of these cases the apparatus or thing whose defective condition caused the accident was under the control and management of the party held liable. In no case cited was the thing or apparatus, from the defective condition of which the accident resulted, under the management and control of another. It is always an element of this rule that the party against whom it is applied must have been in the control and management of the defective instrument causing the accident.

In Vissman v. Southern Ry. Co., 89 S. W., 503, cited for appellee, this court said:

"Mere proof of accident or injury to the servant does not raise the presumption of negligence on the part of the master. In order to recover damages against the master for the injury, the servant must produce. some evidence conducing to show that it was caused by the negligence of the master or some one having authority to represent him. * * * While this court has repeatedly announced and yet holds to the rule that it is the duty of the master to use ordinary care to provide the servant with reasonably safe tools, material, and place for the work required of him, it has never been carried to the extent of holding him liable for defects in tools, material, or place of work that no sort of inspection on his part could have discovered, for he is not bound to make the tools, material, or place of work absolutely safe, or to insure those engaged in his service against the ordinary risks incident to the nature of the employment."

In the case at bar the cable that caused the injury to appellee, and the posts, etc., that supported it were not shown to be under the control and management of appellant, nor was it shown that appellant was in any way responsible for the existence of said arrangement, and the doctrine of *res ipsa loquitur* has no application to the facts in this case. The cable became a menace to appellant's employes the moment it came within the space occupied by appellant in the movement of its trains, and from then on appellant's duty of inspection demanded that appellant should have discovered it as soon as it could have been done by the use of ordinary care, and if said cable had been down, as it was when. it struck appellee, or even loose from its support, for a sufficient time for appellant in the exercise of ordinary care to have discovered it, appellant would be liable, but it is here that appellee's evidence failed. There is absolutely no evidence when the cable sagged, and from the evidence in the case it might reasonably be concluded to have done so at the very instant it struck appellee. If this were true then, of course, appellant could not by the exercise of ordinary care have discovered it. The case as made out by appellee was one where the evidence was equally consistent with the existence or non-existence of negligence causing the injury to the plaintiff, and he must fail. Caldwell's Admr. v. C. & O., 155 Ky., 609; L. & N. R. Co. v. Chambers, 165 Ky., 736; C.

& O. v. Adkins, 167 Ky., 329; Woodburn v. Union Light, Heat & Power Co., 164 Ky., 33.

It therefore results that the trial court erred in overruling appellant's motion for a directed verdict in its favor.

Wherefore the judgment is reversed and the cause remanded for proceedings consistent herewith.