## Louisville & Nashville Railroad Company v. Comley.

(Decided January 26, 1917.)

### Appeal from Franklin Circuit Court.

1. Railroads—Defective· Signal Bell—Personal Injuries—Want of Care.—Where an electric signal bell at a crossing, back rung after the passing of a train, thereby frightening plaintiff's horse, causing plaintiff to be thrown from the buggy and injured, and the back ringing of the bell was at a time when in the ordinary course of things, it should not so do. Held, that when the plaintiff proved the accident, injury, and surrounding circumstances, and the thing which caused the injury is shown to be under the exclusive management and control of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management and control of it use proper care, it affords reasonable evidence in the absence of an explanation by the defendant, that the accident arose from a want of care.

2. Appeal and Error—Amount or Extent of Recovery.—Where a woman 60 years of age was injured by being thrown from a buggy, breaking her leg near her hip, it was shown by the evidence that at the time of the trial, more than two years after the injury it was still necessary for her to use crutches, it cannot be said that

a verdict for $2,500.00 is so excessive as to indicate that it was rendered through passion and prejudice on the part of the jury.

GUY H. BRIGGS and BENJAMIN D. WARFIELD for appellant.

O'REAR & WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Alleging that she received a serious injury to her person due to the back ringing of a signal bell maintained by appellant at a grade crossing, the appellee, Mrs. Kitty Comley instituted this action in the Franklin Circuit Court to recover damages. The injury of which she complains happened in May, 1913, at a point on the Glenn's Creek pike where the defendant railroad company's track crosses the same, at grade, about one mile east of the city of Frankfort. At this point, an admittedly dangerous crossing, the railroad company had theretofore erected and was maintaining an electric signal bell, which was intended to and did on the approach of trains from either side of the crossing, ring so as to warn travelers on the highway of the coming train. The bell is about 9 or 10 inches in diameter, and can be heard about 600 yards. The ringing would begin when a train approaching the crossing from either side, reached a point about two thousand (2,000) feet distant therefrom.

On either side of the crossing the track curves, and passes through a cut, which is such depth as to obstruct the view and prevent a traveler on the pike from seeing the oncoming train, as well as obstruct the view of the enginemen in charge of the trains. To warn the traveling public and thus avoid injury, the railroad company installed the electric signal bell, complained of in the petition.

The plaintiff, Mrs. Comley, and two neighbors were driving on the pike in an open top buggy, towards Frankfort. The vehicle was drawn by a single horse which Mrs. Comley had often driven on the same road and which she alleges was reasonably safe, gentle and a well broken animal. As they approached the crossing in question, the electric signal bell was ringing indicating the approach of a train to the said crossing, and in fact, said train was making such noise as to warn her that it was coming. To avoid injury she caused the

horse to be stopped about thirty feet before it reached the track, and there remain until the train passed, and the signal bell ceased to ring. Thereupon she directed the young man in the buggy to drive on, which he did. The signal bell was located on a post eight or ten feet high, situated near the edge of the highway, and on the right-of-way of the railroad company. When the buggy had crossed the track, and the head of the horse was opposite and near the post, on and to which the signal bell was attached, the bell, without warning to plaintiff, again suddenly commenced to ring, which ringing frightened the horse, causing it to shy and whirl around, throwing or causing Mrs. Comley to fall from the buggy to the ground, and breaking her leg near her hip. This last ringing of the bell is called in the record "back ringing," and this resulted from a defective condition of the mechanism operating the bell.

At this time she was a woman about 60 years of age, but in good health and of reasonable strength. From this injury she had not, at the time of the trial in the lower court, in September, 1915, fully recovered, but was obliged to go about on crutches. The question is: Can the plaintiff recover for an injury occasioned her by unnecessary back ringing of a defective signal bell at a railroad crossing, frightening her horse and causing her to be thrown from the buggy to the ground? This question appears to be res integra in this jurisdiction.

The defendant company, prosecuting this appeal to reverse the judgment, relies upon the following five grounds:

First. The plaintiff's petition does not support the verdict and judgment.

Second. It was defendant's legal duty to have the electric bell at the crossing, and it is not, therefore, liable for the injury.

Third. There is no evidence that the defendant failed to exercise ordinary care in the construction and maintenance of the bell, therefore, the court should have told the jury, as a matter of law that plaintiff was not entitled to recover.

Fourth. The damages are excessive.

Fifth. The court gave the jury erroneous instructions on plaintiff's motion.

These will be considered in the order named.

The plaintiff in her petition, omitting the formal parts, alleges that this highway was much frequented by people going to and returning from the city of Frankfort and elsewhere, and "the plaintiff says that at the intersection of the said pike and railroad crossing, this defendant negligently placed, constructed, managed and operated an electric alarm or signal bell, which was originally so improperly and faultily constructed, or was suffered and permitted to be and remain out of repair—plaintiff does not know which—as that same would ring loudly, and make unusual and startling noises such as would and did frighten horses of ordinary gentleness."

Continuing, plaintiff in substance alleges that the horse was of ordinary gentleness; that the bell suddenly and unnecessarily, when no train was approaching, began to ring loudly and make frightening noises, and did frighten her horse, and cause it to suddenly turn the buggy and throw the plaintiff to the ground, and cripple her, from which she has and will suffer great pain. The defendant company is charged with negligence in the installation, maintenance and control of the signal bell; with having at the said crossing a defective signal bell that unnecessarily back rung, giving off loud noises, at an unexpected moment, and when to do so was reasonably calculated to frighten a horse of ordinary gentleness, at a time when the plaintiff was driving along the highway, as she had a right to do, which noise caused her horse to suddenly turn the buggy, with the resulting injury. When the train passed the plaintiff had the right to presume that the way was clear and to proceed on her way. The bell had ceased to ring. The crossing was clear and apparently safe. She was guilty of no wrong, or violation of duty in attempting to proceed. She could not forsee the back ringing of the bell or know of the defective condition of the device. Undoubtedly the allegations of the petition are sufficient to support the judgment.

It was the right of the defendant company to have and maintain the signal bell at the crossing, but it was not required to do so. It might have placed there a flagman or gate to warn the public of approaching trains, but instead it chose to rely upon the signal bell. If the crossing was extra hazardous, as appears here to be the case, it was incumbent upon the defendant com-

pany to exercise extra care; care commensurate with the extra danger, and likewise it was the duty of the plaintiff and others using the said crossing to exercise care in keeping with the added danger. While the defendant company had the right to maintain the signal bell, it was its duty to do so in a manner not calculated to bring injury to a member of the public, having the right to and using the highway. The bell was exclusively under its control and management. The defendant having created at that crossing extraordinary danger, was required to exercise extraordinary care. C. & O. R. R. Co. v. Gunther, 108 Ky. 362.

There is some contrariety of evidence as to what care the defendant company employed to have the signal bell in condition to perform its functions, and defendant company asserts that there is no evidence for the plaintiff that the bell was not properly installed or maintained. The wrong complained of is the back ringing of the bell. The bell did not back ring except when out of order. Defendant says, however, that it cannot be held liable because by the exercise of ordinary care, it did not and could not have discovered the defect in the bell in time to have saved the accident. Evidence was introduced on this point and was passed upon by the jury.

It must be conceded, however, that this bell is to the public a strange device, but slightly understood in its mechanical construction, and exclusively under the management and control of the company. In such cases, it has been repeatedly held that where the accident, injury and the circumstances under which they occur are shown by the plaintiff, and whether the injury resulted from negligence, is peculiarly within the knowledge of the defendant company, the burden shifts upon it to establish its freedom from fault. This doctrine has often been applied by the courts, not only in this state, but generally throughout the several states. This signal bell rang at an inopportune and unnecessary time, through some fault in the bell or its mechanism, and its ringing was the proximate cause of the injury. The bell was out of order; of this there is no doubt. It unnecessarily back rung; this resulted from a defect in the bell or its attachments; it was not intended so to do, and did not, in the usual and ordinary course, under proper care, management and inspection. Plaintiff was

not in fault, but was exercising due care. If defendant company, instead of the bell, had placed a flagman at the crossing, and as plaintiff drove across the tracks, the flagman had suddenly, unexpectedly and unnecessarily thrown his signal flag in the face of the horse, frightening it and injury had resulted, would it be contended that defendant was not liable?

Defendant, however, insists that the plaintiff had the burden of proof and did not sustain it by evidence and did not show negligence on the part of the company, and negligence cannot be presumed. Ordinarily negligence cannot be presumed, but, as above stated, in cases of this character, when the accident, injury and surrounding circumstances are shown, it rests with the defendant to make the explanation, if it so desires, and to show it exercised due care. *Res ipsà loquitur*: the thing speaks for itself.

The bell was wholly and completely under the control and management of the defendant company, and whether the bell and its attachments were or not properly inspected, and kept in order, was peculiarly within the knowledge of the defendant company, and its servants, and not in plaintiff, and when plaintiff produced evidence of the accident, injury and surrounding circumstances, the burden was cast upon the defendant company to show it is not guilty of the negligence charged.

Proof of an injury occurring as the proximate result of an act of the defendant, which could not usually, if done with due care, have injured anyone, is enough to make out a presumption of negligence. When a thing which causes an injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from a want of care. Sherman & Redfield on Negligence, sec. 59; Paducah Traction Co. v. Baker, 130 Ky. 360; Shinn Glove Co. v. Sanders, 147 Ky. 349; Louisville Lighting Co. v. Owens, 105 S. W. 435; Louisville & Nashville R. R. Co. v. Mink, 182 S. W. 188; Griffin v. Manice, 52 L. R. A. 922, 166 N. Y. 188.

The defendant company had the right to show, and did in fact undertake to show by evidence, that the

bell was properly installed, and was thereafter kept in good working order, and this was one of the issues submitted to the jury on the evidence. The jury heard all of this, and in its province as judge of the facts, found against the defendant, as it might well have done under the evidence. The *prima facie* case made by the plaintiff, like any other such case, may be overcome by proof from defendant. The jury is not constrained to find in favor of the *prima facie* case. That depends upon the inference drawn from the weight of the evidence.

The plaintiff, Mrs. Comley, suffered a very severe injury. At her age and time of life a broken hip is indeed a calamity. According to the evidence had on the trial she is compelled to walk on crutches. In view of these facts we do not think the verdict of $2,500.00 is excessive, or that it could be said that the verdict appears to have been rendered under the influence of passion or prejudice.

The instructions given by the lower court fairly present the law of the case, and we perceive no prejudicial error to the defendant therein. The court gave all instructions offered by defendant's counsel and that fully presented its side of the case.

Judgment affirmed.