## Stephens v. Kitchen Lumber Company.

(Decided January 24, 1928.)

### Appeal from Whitley Circuit Court.

1. **Master and Servant.**—In action by employee against employer for personal injuries, lack of evidence that employer's negligence was concerned in letting log car which injured plaintiff loose on track held to render directing verdict for defendant proper.

2. **Negligence.**—In action for negligent injury, negligence cannot be presumed.

3. **Negligence.**—Doctrine of "res ipsa loquitur" is based on idea that circumstances surrounding accident are of such character as to justify jury in concluding that negligence caused accident.

4.  Negligence.—Where plaintiff shows circumstances under which accidental injury occurred, and information as to cause thereof is wholly within defendant's knowledge, burden shifts to defendant to establish its freedom from negligence.

5.  Negligence.—Doctrine of res ipsa loquitur does not apply, where instrumentality causing injury is not shown to have been under management and control of defendant's agents or servants.

6.  Master and Servant.—In cases between master and servant to make doctrine of res ipsa loquitur applicable, there must be some other evidence showing master's negligence, in addition to mere happening of accident.

7.  Master and Servant.—Where servant has charge of instrumentality which produced accident and injury to servant with duty to inspect, doctrine of res ipsa loquitur does not apply.

8.  Master and Servant.—If accident to servant results from something wholly within master's control, and can be explained on no reasonable inference other than negligence, slight proof of negligence is sufficient to take case to jury.

9.  Master and Servant.—In servant's suit for personal injuries, amount unpaid under settlement is not recoverable where servant denies settlement, and bases his action on negligence.

R. L. POPE and R. C. BROWNING for appellant.

H. C. GILLIS and E. L. STEPHENS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant is a young man 24 years of age. At the time of the accident out of which this suit grew he was working for the Kitchen Lumber Company, a corporation engaged in a logging operation in Whitley county. In conducting its operations, the company found it necessary to construct steel tramroads up and down the mountains for the purpose of removing the timber from the woods. Over these trams log cars were operated loaded with logs. A log loader was used for the purpose of raising the logs and placing them on the trams. At the time of the accident, a log loader had been placed alongside the tram road on the mountain side. It was necessary to level it up, and, while appellant and a companion were engaged in leveling up the log loader by means of a guy wire, a log car from some point above on the mountain side, in some unaccountable way, broke loose, and came with great force down the tramroad, striking the guy wire, which at the time was held by appellant on the one side of the track and by his companion on the other side. The result of the impact between the log car

and the guy wire was to seriously injure appellant and kill his companion. This log car, which was turned loose, had been fastened on the tramroad higher up on the mountain a day or two before by the appellant himself, and he testified that he had fastened it with a chain and also by "chocks" under the wheels. It appears that the log car could not have got loose without the intervention of some human agency, but there was no proof that any one connected with appellant or that any one at all, had anything whatever to do with releasing the log car. Negligence cannot be presumed. In the recent case of Illinois Cent. R. Co. v. Cash's Administratrix, 221 Ky. 655, 299 S. W. 590, this court said:

> "It is well settled that negligence is never presumed; it must be proven. Either the direct acts of negligence must be shown by the proof or such facts must be established by the proof from which negligence is inferable. All facts and circumstances established by the proof in support of the negligence alleged must be considered in determining whether direct acts of negligence have been established, or, if not so established, whether the facts and circumstances are such as to render it reasonably apparent that negligence must be inferred."

Many cases from this court are cited in support of the conclusions above cited in that case. In this case there is no proof of negligence, and no facts are established from which negligence could be inferred.

At the conclusion of the evidence, the lower court peremptorily instructed the jury to return a verdict for the appellee. In sustaining the motion for a peremptory instruction the court ruled correctly.

But the appellant argues that the doctrine of res ipsa loquitur should be applied to this case. The fact that the log car escaped from the place where it had been left is a circumstance from which the jury may have inferred negligence, according to the argument of appellant. This doctrine is based upon the idea that the circumstances surrounding an accident are of such a character as to justify a jury in reaching a conclusion that negligence was the cause of the accident. Wright v. Elkhorn Consolidated Coal & Coke Co., 182 Ky. 423, 206 S. W. 634.

In cases where the plaintiff shows the circumstances under which an accident occurred, and the information

as to the cause of the accident is wholly within the knowledge of the defendant, it has been said that the burden shifts to the defendant to establish its freedom from negligence. L. & N. R. R. Co. v. Comley, 173 Ky. 469, 191 S. W. 96, L. R. A. 1917C, 978. The doctrine of res ipsa loquitur has no application, where the instrumentality which caused the injury is not shown to be under the management and control of the defendant or the agents or servants of the defendants. L. & N. R. R. Co. v. Mink, 168 Ky. 394, 182 S. W. 188.

If it should be conceded that the evidence shows that the appellant was in the control of the log car which caused the injury, and had complete management of it, yet we think it is not sufficient, as the doctrine of res ipsa loquitur as it applies in cases between master and servant has a limited application. It has been held that, in order to apply the doctrine between master and servant, there must be at least some other evidence showing the negligence of the master, in addition to the mere happening of the accident. L. & N. Ry. Co. v. Allen's Adm'r, 174 Ky. 736, 192 S. W. 863; Mountain Cent. R. R. Co. v. Drake's Adm'r, 183 Ky. 135, 208 S. W. 765; Wright v. Elkhorn Consolidated Coal & Coke Co., supra; L. & N. R. R. Co. v. Campbell's Adm'r, 186 Ky. 628, 217 S. W. 687; Baltimore & Ohio R. R. Co. v. Smith, 169 Ky. 593, 184 S. W. 1108, L. R. A. 1918F, 1205. It has also been held that, where the servant had charge of the instrumentality which produced the accident, and it was his duty to inspect it, the doctrine does not apply. Mountain Cent. R. Co. v. Drake's Adm'r, supra. If, however, the accident results from something wholly within the control of the master, and it can be explained upon no reasonable inference other than negligence, it requires slight proof of negligence in addition thereto to be sufficient to take the case to the jury. West Kentucky Coal Co. v. Key, 178 Ky. 220, 198 S. W. 724; McFarland v. Chesapeake & O. R. Co., 177 Ky. 551, 197 S. W. 944.

We do not find in this record even slight proof of the negligence of the master. There is absolutely no proof as to what caused the log car to start down the mountain side. It may have been turned loose by some prowler who had no connection whatever with the appellant.

Counsel for appellant complain that he was entitled to a verdict at the hands of the jury whether he was entitled to have his cause submitted as alleged in his peti-

tion or not, and the basis of their contention is that the appellee in its answer relied on a settlement which it had made with appellant, and that it admitted that, under the terms of the settlement so made, it lacked $445, having paid appellant the full amount which it was to pay by the terms of the contract of settlement. The appellant denied there had ever been any settlement. If he was entitled to recover at all, it was on his petition based on negligence, and we do not feel at liberty to attempt to determine the rights of the parties growing out of a settlement which appellee insists that it made with appellant, and which he denies. That is a matter of contract to be determined by contract law and other laws and procedure which may govern the particular matter.

Judgment affirmed.