DOUGHNUT MACH. CORPORATION v. BIBBEY.

No. 2808.

Circuit Court of Appeals, First Circuit.

June 5, 1933.

BINGHAM, Circuit Judge, dissenting.

Max A. Goldhill, of New York City (Ralph H. Cahouet, of Boston, Mass., on the brief), for appellant.

Leo P. Doherty, of Boston, Mass. (John E. Picone, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal, with excessively numerous assignments of error, from a judgment in a personal injury case, against a New York corporation by a citizen of Massachusetts. The case has been tried twice, each time with a verdict for the plaintiff. The first verdict was set aside because the damages were excessive. The second (alternative) verdict in October, 1931, was for $3,000. The plaintiff moved to set this aside because of inadequate damages; and the defendant, because it was against the law. In a careful memorandum dated April 22, 1932, the court overruled both motions and entered judgment on the verdict. The controlling facts are in narrow compass.

In November, 1928, the defendant leased to the plaintiff and her sister a doughnut making machine. This machine was set up in Cliftondale about December 28, 1928, under the instructions of an employee of the defendant.

The machine, electrically heated and operated, consisted of a kettle containing the fat for frying; a can, opening into the kettle, with devices arranged so that successive units of dough fell into the hot fat between the ribs of a rotating spider; devices for rotating the spider and for turning over the doughnut when halfway round; and an ejector which comes up through the fat between the ribs of the spider, to throw out the completely cooked doughnuts.

From the first, some of the doughnuts were not cooked properly. As the result of complaints by the lessees, repairs and adjustments were two or more times made in the machine by the defendant's agents—and by no one else. But on the morning of February 5, 1929, while the plaintiff was standing in front, putting the fried doughnuts into a basket with an iron handling rod, the machine jammed, causing a broken part of the spider and the ejector to slap into the hot fat, splashing the grease out of the machine into the face of the plaintiff and seriously burning her. The jury found specially that the cause of the accident was a defective machine.

We need not consider whether there was liability to third persons. Huset v. J. I. Case Machine Co. (C. C. A.) 120 F. 865, 61 L. R. A. 303, and cases cited; Farley v. Tower Co., 271 Mass. 230, 171 N. E. 639, and cases cited; McPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440; Johnson v. Cadillac Motor Car Co. (C. C. A.) 261 F. 878, 8 A. L. R. 1023. For the plaintiff was not a third person. The machine was leased by the defendant directly to the plaintiff and her sister.

Defendant's claim that the accident was caused by the plaintiff herself inserting the iron rod into the machine was negatived by her testimony to the contrary—that the jury were fully justified in believing. This was a pure question of fact for the jury.

While the machine may not have been *inherently* dangerous, it was *imminently* dangerous, when so made as to jam and throw hot fat into the face of the operator. We

hold that there was a duty on the manufacturer of a machine not to put it out, negligently, in such a condition that it was likely to go wrong and endanger the buyer or lessee, operating the machine exactly as it was intended to be operated.

■ Defendant relies in one of its assignments of error on its exception to a refusal by the trial judge to rule that "The plaintiff cannot recover upon the doctrine of res ipsa loquitur." We do not think there was error in refusing so to rule, since the case did not disclose facts warranting the application of that doctrine; nor do we think the judge instructed the jury that this rule was applicable to the facts in the case.

■ Under the res ipsa loquitur doctrine, it is sufficient to make out a prima facie case for a plaintiff to prove that he was not at fault, if that burden is on the plaintiff, and that the machine or instrument causing the injury was in the possession or under the control of the defendant, and that, under ordinary conditions, the accident would not have happened without fault on the part of the defendant. San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 32 S. Ct. 399, 56 L. Ed. 680; Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Graham v. Badger, 164 Mass. 42, 47, 41 N. E. 61. These facts proven, the burden of overcoming the presumption of negligence on the part of the defendant which follows is on the defendant. Gleeson v. Virginia Midland R. R. Co., 140 U. S. 435, 444, 11 S. Ct. 859, 35 L. Ed. 458; Chesapeake & Ohio Ry. Co. v. Smith (C. C. A.) 42 F.(2d) 111; May Department Stores Co. v. Bell (C. C. A.) 61 F.(2d) 830; 5 Wigmore on Evidence, §§ 2483–2498. In other words, the plaintiff, by proving these facts, makes out a case sufficient to be submitted to the jury.

The trial judge in this case—having at the outset told the jury that the burden of proving the defendant's negligence was on the plaintiff—while he instructed them that they might consider the accident as bearing on the question of negligence, repeatedly impressed on the jury that, before they could do so, all interference by the plaintiff or her agents that might cause the accident, must be eliminated. On this point he instructed them as follows:

"The accident is not to be considered as evidence of negligence unless, in the first place, all outside interference with and changes to that machine are eliminated."

"In order to say that the accident itself is evidence of negligence, you must first eliminate all outside changes in the machine *made by other persons than the manufacturer or agent.* You must next say that the machine, if it was in proper condition and properly serviced, would have lasted longer than the six weeks in good running condition. Lastly, you must say that *no outside interference with the operation of the machine, like the iron rod,* led to the accident." (Italics supplied.)

"If you resolve all those questions in favor of the plaintiff, you still have the underlying question whether the accident indicates a lack of reasonable care on the part of the manufacturer."

This is not the rule of res ipsa loquitur. The fair inference the jury must have drawn from the charge was that the burden of proof of negligence by the defendant was on the plaintiff; that the jury must be satisfied that the plaintiff did not herself cause the accident; that she must eliminate all interference with the machine or changes in it by herself or her agent; that, having established that to the satisfaction of the jury, and that the machine did not operate properly almost from the time it was set up, and that the only change or work done on it was by an agent of the defendant, the jury might then consider the accident occurring within six weeks after it was set up in the plaintiff's shop as bearing on the question of whether there was a defect in the machine when delivered, and as presenting some evidence of negligence on the part of the defendant.

There is nothing in these instructions implying that, under the circumstances proven in this case, the accident alone was evidence of negligence on the part of the defendant, and that the burden of explaining that it was not due to defendant's negligence was on the defendant.

The evidence, including that of an expert witness for the plaintiff, warranted the jury in finding that almost from the first the operation of the machine indicated a defect therein, which the defendant's agent failed adequately to remedy, and that the accident, if the jury believed the plaintiff's testimony, could have happened only through a faulty adjustment or assembling of the so-called ejector; this the jury, from its special finding, evidently believed must have occurred at the factory.

■■ The defendant's contention that its warranty absolved it from liability for the injury done by its negligently defective machine cannot be sustained. It requires clear

and explicit language to absolve a person from liability for his own neglect. Jennings v. Grand Trunk Ry., 127 N. Y. 438, 450, 28 N. E. 394. Such contracts, when made by a common carrier, are void as against public policy—as putting a premium on faulty conduct. Hart v. Pa. R. R., 112 U. S. 331, 338, 5 S. Ct. 151, 28 L. Ed. 717; Hartford Insurance Co. v. Chicago, etc., R. R., 175 U. S. 91, 98, 20 S. Ct. 33, 44 L. Ed. 84; Santa Fe R. R. v. Grant Brothers, 228 U. S. 177, 184, 33 S. Ct. 474, 57 L. Ed. 787; Cooley on Torts, 687; Piper v. B. & M. R. R., 75 N. H. 435, 437, et seq., 75 A. 1041, and cases cited; Bigelow, Kennard & Co. v. Boston, 254 Mass. 53, 56, 149 N. E. 540, 41 A. L. R. 1355; New York Central R. R. v. Culkeen & Sons, 249 Mass. 71, 75, 76, 144 N. E. 96; Twin City Co. v. Harding Glass Co., 283 U. S. 353, 357, 51 S. Ct. 476, 75 L. Ed. 1112, 83 A. L. R. 1168, and cases cited.

This warranty relates to defects in material and workmanship, and lessor's undertaking to make good such defects at its factory, followed by this general statement: "This warranty being expressly in lieu of all other warranties, expressed or implied, and of all other obligations or liabilities on our part." This language falls far short of being a plain agreement that the lessees should assume liability for personal injury caused by the defective machine's splashing hot grease upon the operator. Such a meaning is neither within the fair scope of the language used nor was it in the mind of either party to the lease. Quackenbush v. Ford Motor Co., 167 App. Div. 433, 153 N. Y. S. 131; Clarke v. Ames, 267 Mass. 44, 165 N. E. 696; compare Commissioner of Insurance v. Bristol Mutual Ins. Co., 279 Mass. 325, 181 N. E. 208.

We find no other assignment of error calling for discussion.

The judgment of the District Court is affirmed, with costs to the appellee.

BINGHAM, Circuit Judge (dissenting).

It appears that on or about November 21, 1928, the defendant-appellant leased to Mildred F. Butler and Agnes L. Bibbey (the appellee) a machine for frying doughnuts, and that the lessees had the machine in their possession from some time in December, 1928, to the 5th of February, 1929, when the accident happened; that a Mr. Daly, employed by the defendant, was present the day the machine was started, which was about December 28, 1928; that about three days later a Mr. Marsh, a representative of the defendant, was there, and adjusted the turnover mechanism at the back of the machine; that about two weeks or so later Mr. Shorely, also representing the defendant, came out and did some work upon the machine in the way of repairs; that he was there January 21, 1929, and that the repairs he did were in the way of adjusting the ejector at the front of the machine; that thereafter the machine worked properly until February 5, 1929, at which time the accident occurred. In other words, it appeared that the machine at the time of the accident was and had been in the possession and complete control of the plaintiff and her colessee from about the 21st of January to and including the 5th of February, 1929, when the accident occurred.

This being the case, the defendant-appellant requested the court to charge the jury that the plaintiff could not recover on the doctrine of res ipsa loquitur; in other words, that the court charge the jury that the mere happening of the accident could not be considered by them as evidence of the defendant's negligence. The trial court refused this request, subject to defendant's exception, which is assigned as error.

On the question whether the happening of the accident was evidence of negligence, the court instructed the jury as follows:

"So that brings you down to the question of the accident itself as evidence of negligence. It is not evidence of negligence unless you believe that the machine was never altered or tinkered with or changed in any way after its delivery by anybody except the service men from the defendant.   *   *   * The accident is not to be considered as evidence of negligence unless, in the first place, all outside interference with and changes to that machine are eliminated.

"Suppose you say that is so, 'We don't believe that anybody ever did anything to that machine in the way of adjustment or repair except the defendant, or Marsh & Andrews' service man, and we don't believe that the plaintiff used the iron rod,' where does that leave you? The accident did happen. Everybody admits that. Now, do you say that the machine, being in a condition which the defendant alone is responsible for, and breaking of itself from internal changes, of course, and maladjustment, do you say that the machine ought to have lasted more than six weeks in good running condition? If those things are established and you are satisfied, you might then say that the fact of the accident shows that there was some defect in the machine somewhere when it was put out.   *   *   *

"In order to say that the accident itself is evidence of negligence you must first eliminate all outside changes in the machine made by other persons than the manufacturer or agent. You must next say that the machine, if it was in proper condition and properly serviced, would have lasted much longer than the six weeks in good running condition. Lastly, you must say that no outside interference with the operation of the machine, like the iron rod, led to the accident.

"If you resolve all those questions in favor of the plaintiff you still have the underlying question whether the accident indicates a lack of reasonable care on the part of the manufacturer."

As I understand the rule of res ipsa loquitur, it is that the happening of an accident may be considered as evidence of the defendant's negligence, provided the instrument or machine causing the accident was at that time in the possession and complete control of the defendant; and that that is the only situation under which a jury may consider the happening of the accident as evidence of the defendant's fault. The accident then speaks for itself.

In the charge the court told the jury that the accident itself is not evidence of negligence, "unless you believe that the machine was never altered or tinkered with or changed in any way after its delivery by anybody except the service men from the defendant." This was the negative statement of the proposition. For the positive side of it, he stated that the accident itself is evidence of negligence: First, if no changes were made in the machine by any other persons than the manufacturer or its agents; second, if the machine would have lasted much longer than six weeks in good running condition, if it was in proper condition and properly serviced; and, third, if the plaintiff did not interfere with the operation of the machine with the iron rod.

This then was the rule under which the court instructed the jury "that the accident itself was evidence of negligence." But it is not a correct statement of the res ipsa loquitur rule. That rule was stated by Mr. Justice Van Devanter in San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 98, 52 S. Ct. 399, 401, 56 L. Ed. 680, as follows: "When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

What the District Court in its charge to the jury was attempting to do was to create a new and different res ipsa loquitur rule, for it must be conceded that the machine, at the time of the accident, was not under the exclusive control of the defendant as required by the rule stated by Mr. Justice Van Devanter and as generally understood. On the facts in this case neither the res ipsa loquitur rule as correctly stated by the Supreme Court, or as incorrectly stated in this case, was applicable, for, at the time of the accident, the machine was under the exclusive control of the plaintiff, and had been for some two weeks or more without the interference of the defendant or any agent of the defendant. The court erred in refusing the requested instruction.

In San Juan Light Co. v. Requena, supra, where the doctrine of res ipsa loquitur was held to have been rightly declared and applied, the facts were that the primary wires and converters, which surcharged the subsidiary wires leading to the plaintiff's husband's house, where he met his death by an electric shock while adjusting an incandescent light in a light socket at his home, were exclusively under the control of the defendant charged with the continuing duty of taking reasonable precautions, in proportion to the dangers to be apprehended, to maintain them in proper condition, and under circumstances where, in the ordinary and usual course of things, the injury would not have occurred had the duty been performed. There could be no doubt that the doctrine applied to the facts in that case. But those are not the facts here.

Louisville & Nashville Railroad Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711, sets forth a state of facts the converse of those in San Juan Light Co. v. Requena, and where it was held that the doctrine of res ipsa loquitur did not apply. There Chatters brought suit against the Louisville & Nashville Railroad Company to recover damages for an injury sustained in a car of the Southern Railway which he boarded on the Louisville & Nashville Railroad at New Orleans for a trip to Washington. The accident occurred after the car had left Montgomery, Ala., which was the end of the Louisville & Nashville Railroad. From Montgomery to Atlanta, Ga., the car was under the complete control of the Atlanta &

West Point Railroad, extending between those two points; and from Atlanta, Ga., to Washington, it was under the complete control of the Southern Railway, and the accident occurred on the line of the Southern Railway in Virginia between the two latter points. The cause of the accident was as follows: A window screen, attached to the outside of the car, became loosened and swung backwards on its hinges so as to strike and break the window where the plaintiff sat, causing him to be injured by pieces of flying glass. The Louisville & Nashville Railroad assigned as error the refusal of the trial court to give a certain instruction to the jury and to grant its motion for a directed verdict. The court held that on the facts the doctrine of res ipsa loquitur did not apply, and said (page 332 of 279 U. S., 49 S. Ct. 329, 333):

"The occurrence of the accident after the car passed beyond the control of the Louisville & Nashville and that of the intermediate carrier to the tracks of the Southern does not admit of the application of the doctrine of res ipsa loquitur, so far as concerns the Louisville & Nashville. McNamara v. Boston & Maine R. R., 202 Mass. 491, 499, 89 N. E. 131; L. & N. R. R. Co. v. Mink, 168 Ky. 394, 182 S. W. 188; cf. Glynn v. Central Railroad, 175 Mass. 510, 56 N. E. 698, 78 Am. St. Rep. 507; Missouri, Kansas & Texas Ry. Co. v. Merrill, 65 Kan. 436, 70 P. 358, 59 L. R. A. 711, 93 Am. St. Rep. 287."

In the majority opinion, after quoting from the charge what is above set out, it is stated that "this is not the rule of res ipsa loquitur." I agree that it is not. It is a mere perversion of the rule. It was an attempt to apply it to a state of facts which do not authorize its application.

Then, again, it is said: "There is nothing in these instructions implying that, under the circumstances proven in this case, the accident *alone* was evidence of negligence on the part of the defendant." This is not a correct interpretation of the charge, for the trial court gave the jury plainly to understand that the *accident alone* and *of itself* was evidence of negligence under the conditions he named. The fact remains then that the trial court told the jury that "the accident itself" was evidence of negligence under the conditions he named, which was not the rule but a violation of it. The correct rule should have been given, and, if given, the mere happening of the accident as evidence of negligence could not have been used by the jury as a basis of their verdict;

while, under the instructions given, they were, under the conditions named, authorized to use it, and its use may have been the sole basis for their verdict. This court cannot speculate as to what portions of the evidence the jury made use of in finding their verdict. It is enough that they may have used what the trial court told them they might.

For these reasons, I think the judgment should be vacated and a new trial had.