## Dalton v. Steiden Stores, Inc.

Feb. 28, 1939.

WILLIAM H. FIELD, Judge.

**180**

STITES & STITES and NORRIS McPHERSON for appellant.
CHAS. W. MORRIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Mrs. Lydia C. Dalton is appealing from a judgment entered pursuant to a directed verdict finding for the defendant in an action in which she sought to recover of Steiden Stores, a corporation, for personal injuries which she claims to have sustained as a result of the negligence of the corporation in keeping and maintaining its premises in an unsafe condition.

As revealed by the record, appellee operated a store on the east side of 4th Street between Broadway and Chestnut in the City of Louisville. Appellant accompanied by her two daughters went to this store to purchase groceries. After making her purchases they left

by a rear door to go to their automobile which was in a parking lot maintained by appellee. In passing out of the building appellant fell and according to the evidence sustained severe injuries to one foot and ankle. She testified that the heel of her shoe caught on a metal weather strip in the doorway; that her ankle turned and caused her to fall forward, where she caught or was caught by one of her daughters before she fell completely down. Appellant was wearing suede shoes with wooden heels covered with suede to which had been tacked a thin cap of leather. After the accident this heel cap which had been detached was found on the concrete step just outside the doorway. While appellant testified that she noticed the metal strip in the doorway as she neared the door she paid no particular attention to it and neither she nor her daughters made any examination of it after the accident and gave no evidence concerning its condition. The daughters merely testified that their mother fell, one of them stating that her ankle turned. The shoe and heel were introduced in evidence and filed as exhibits with the record. When the shoe and heel cap were introduced in evidence by appellant she claimed and attempted to point out that it showed evidence of having been caught on the weather stripping but we see nothing in the exhibit that would so indicate. The physician who treated appellant a few hours after the accident testified that she gave him a history of the fall; that either on that or the following day he went to the store to purchase groceries, and while there examined the weather strip in the rear doorway and found that it was not flush with the floor. When asked how much space there was between it and the floor, he stated:

> "Well, I did not measure it. * * * I did not get down and measure it—when I looked at it to see what it was, I knew what it was—that there was a space between the brass and the floor, that you could put something under it. That is as far as I would be allowed to say."

Counsel for appellant maintain of course that the evidence was sufficient to take the case to the jury. The evidence shows beyond question that appellant sustained severe and painful injuries to her foot and ankle but that alone was not sufficient to sustain a cause of action. In order to fasten liability upon appellee it was incumbent upon her not only to establish injury but also that

the injury was the proximate result of negligence upon the part of appellee. Daugherty's Adm'r v. Louisville & Nashville Railroad Company, 206 Ky. 325, 267 S. W. 151. It is an established doctrine that a merchant, who induces others by express or implied invitation to come to premises owned or occupied by him must use reasonable or ordinary care to keep the premises in safe condition but is not an insurer of the customer's safety. Bridgford v. Stewart Dry Goods Company, 191 Ky. 557, 231 S. W. 22. See, also, Black Mountain Corporation v. Webb, 228 Ky. 281, 14 S. W. (2d) 1063; Noonan v. Sheridan, 230 Ky. 162, 18 S. W. (2d) 976.

The principle is stated thus in "Restatement of the Law" relating to negligence, section 343:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon, if, but only if, (a) he knows, or by the exercise of reasonable care could discover, the condition which, if known to him he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility."

In the comment on that text it is said:

"Such a visitor is entitled to expect that the possessor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions. * * *

"Toward the business visitor, the possessor owes the additional duty to exercise reasonable care to make the land safe for the reception of his visitor, or, at the least, to ascertain the actual condition of the land so that by warning the visitor thereon, he may give the visitor an opportunity to decide intelligently whether or not to accept the invitation or permission."

From our recital of the substance of the evidence it will be seen that it falls far short of showing that the

weather stripping was in a dangerous condition. Only the physician who treated appellant testified concerning the condition of the weather stripping, and about all that could be drawn out of him was that something might be put in the space between the weather stripping and the floor without anything more definite as to the size of the space or the opening. So far as the physician's evidence discloses the space might have been sufficient only for the insertion of a razor or feather edge. The evidence not only fails to show an unsafe condition, but it also fails to show that appellee knew or by the exercise of reasonable care and diligence could have discovered the condition as it really existed. Where the evidence to sustain alleged negligence is nothing more than sheer conjecture and requires pure speculation or surmise as to the cause of the injury, it is insufficient to take the case to the jury. Illinois Central Railroad Company v. Cash's Adm'x, 221 Ky. 655, 299 S. W. 590; Davis v. Burns' Adm'x, 207 Ky. 703, 269 S. W. 763; City of Ashland v. Burley, 265 Ky. 176, 96 S. W. (2d) 581.

Counsel for appellant strongly contend for the application of the doctrine of res ipsa loquitur, but as said in Stephens v. Kitchen Lumber Company, 222 Ky. 736, 2 S. W. (2d) 374, 376:

"This doctrine is based upon the idea that the circumstances surrounding an accident are of such a character as to justify a jury in reaching a conclusion that negligence was the cause of the accident."

There is nothing in the evidence on which to base a conclusion or even a remote inference of negligence on the part of appellee, and as will be seen in Stephens v. Kitchen Lumber Company, supra, and the recent case of Frank Fehr Brewing Company v. Corley, 265 Ky. 308, 96 S. W. (2d) 860, in which it is cited, the doctrine invoked does not apply. It is our conclusion therefore that the court properly directed the verdict for appellee.

Judgment affirmed.