**Fannie T. HANNIN, Appellant,**

**v.**

**P. F. DRIVER and Mrs. P. F. Driver, d/b/a Drivers Department Store, Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1965.

Robert B. Reed, Paducah, for appellant.

James L. Hardy, Terrell, Schultzman & Hardy, Paducah, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment for defendants entered upon a directed verdict.

Plaintiff, while a customer in defendants' department store, sprained her ankle walking down a flight of stairs. Her theory of the case is that one of the rubber stair treads was worn and raised, and as she descended the heel pulled loose from her shoe. The plaintiff admitted the stairway was well lighted and that no hidden condition existed.

■ There was no evidence of substance offered by plaintiff to prove a defective condition of the stair tread at the time of her fall. She did testify that "it had little nicks out of it on the back", but assuming this constituted such a defect as would show negligence on the part of defendants, which is extremely doubtful, this statement was based on her examination of the step several weeks after the accident. One of her witnesses testified that there was a raised or wrinkled condition of the tread, but this observation was based upon a photograph taken seven weeks after the accident, which the trial court excluded. This was properly done because there was no satisfactory proof the conditions the day the photograph was taken were the same as at the time of the accident. See Minogue, Adm'x v. Thomas, Ky., 271 S.W.2d 896.

Plaintiff practically admits the lack of positive evidence of a defect when she argues in her brief that the very nature of the accident was such that the res ipsa loquitur rule should apply. Obviously this contention cannot be sustained.

■ The defendant storeowners must be found negligent in order to be liable for the plaintiff's injury. They are not insurers of the safety of their customers, although they do have a duty to keep their premises reasonably safe and to warn of any artificial or natural condition not reasonably safe and not known to their customers. Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W. 2d 667. When the evidence is insufficient to establish the fact essential to negligence, it becomes the duty of the court to remove the issue from the jury and direct a verdict for the defendant. Dalton v. Steiden Stores, 277 Ky. 179, 126 S.W. 2d 155. Here the plaintiff did not produce any substantive evidence which would enable the jury to find that the stairway tread was in unsafe or faulty condition at the time of the accident.

Therefore the directed verdict for the defendants was proper.

It is unnecessary to consider the question of plaintiff's contributory negligence.

The judgment is affirmed.