### Goins v. Slusher.

April 30, 1940.

W. E. Begley, Judge.

William Lewis & Son for appellant.

Luker & Begley and Zeb A. Stewart for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

W. H. Goins is appealing from a judgment for $750 recovered against him by C. G. Slusher, guardian of Samuel Slusher, for personal injuries to the latter alleged to have been sustained as a result of the negligent operation of an automobile owned and driven by appellant. We shall hereafter refer to Samuel Slusher as appellee.

The petition charged in substance that appellant so negligently operated his automobile on the highway as to bring it in collision with appellee inflicting the injuries complained of.

Appellant's answer traversed the allegations of the petition and in a second paragraph pleaded contributory negligence upon the part of appellee, and in a third paragraph pleaded that as he approached the place where appellee was standing, the latter, without warning, suddenly jumped into the path of the automobile when it was so near that it was impossible to stop before striking him.

For convenience we shall consider grounds for reversal in an order different from that in which they are treated in brief. It is argued that the verdict is flagrantly against the overwhelming weight of evidence. At the time of the accident appellee was nine years of age. He and a brother, a year or so older, had taken their father's cow to permit it to graze at the roadside. According to their evidence appellee was in the act of crossing the highway when an automobile, other than that of appellant, approached and its horn was sounded as a warning to him. He ran back to the east side of the road which was to the left as appellant was traveling and was standing on the berm a foot or so off the concrete pavement of the highway where he was struck by appellant's automobile. Appellee testified that he did not see appellant's automobile until it was within a few

feet of him. He was corroborated in practically every material particular by his brother. It is pointed out by appellant that the evidence of these boys is so confused and conflicting as to give doubt concerning its verity, but a reading of their evidence clearly discloses that the confusion arises from the fact that they considered the berm of the road as a part of the paved highway. Two witnesses who claimed that they were near the scene of the accident and witnessed it testified that they saw appellant's car as it approached and that it began to veer over to the left side of the road where it struck appellee who was standing off the concrete and on the berm.

Appellant was driving a sedan and there were two young women in the front seat with him. He testified that as he approached the scene of the accident he saw the boys standing at the side of the road to his right; that when the car reached a point on the concrete pavement a few feet in front of where the boys were standing appellee threw his head down and jumped or ran into to path of the car so suddenly that it was impossible for him to stop in time to prevent striking him. He is corroborated in the main by the two girls who were riding with him. There is evidence that a few minutes before the accident appellee and his brother were seen running back and forth across the highway in front of approaching automobiles. Evidence was introduced to impeach the credibility of the two girls who were with appellant, but there was also evidence to sustain them in that particular. There was also evidence offered to impeach the credibility of one of the witnesses who testified for appellee and who undertook to detail how the accident occurred. Our brief summary of the substance of the evidence is sufficient to refute the contention of appellant that the verdict is flagrantly against the evidence. It is true there was a sharp and irreconcilable conflict in the evidence for the respective parties, however, under our system of jurisprudence, it is the province of the jury and not of the court to determine the credibility of witnesses and the weight to be given their evidence.

It is further complained that the court erred in refusing to permit witnesses to answer questions calling for an opinion as to whether appellant did all he could do to avoid striking and injuring appellee and whether

in the circumstances there was anything he could have done to have avoided such eventuality. Clearly such evidence was incompetent and the court did not err in excluding it, since that was a matter to be determined by the jury from the evidence as to what actually occurred.

Question is made of the refusal of the court to admit evidence as to the conduct of appellee and his brother on the highway some days before the accident. Neither the conduct of appellees or of appellant at some time in the remote past and not in any way connected with this accident would be competent.

Finally it is earnestly argued that the court erred in instructing the jury. Appellee's theory of the case is that while he was standing near but off the paved portion of the road and where he could be seen for a considerable distance by appellant as he approached, the latter ran his automobile across the road onto the berm and struck him. Appellant's theory is that appellee was standing on the right side of the road as appellant was approaching and so suddenly jumped into the path of the car that it could not be stopped in time to avoid striking him. The first instruction sets out in the usual and approved form such duties of appellant as under pleading and proof were pertinent and authorized a finding for appellee if appellant violated one or more of these duties and by reason of such failure ran his automobile against appellee and injured him. The second instruction submitted the question of contributory negligence and the third submitted appellant's main defense that while he was exercising ordinary care in the operation of his automobile appellee so suddenly jumped in front of his car that he could not by any means avoid striking him.

It is our conclusion that the instructions were not in any way prejudicial to appellant but were on the whole possibly more favorable to him than was warranted by pleading and proof.

Judgment affirmed.