## Hartman v. Dyer.

September 26, 1944.

Woodward, Dawson & Hobson for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The action was instituted by appellant to recover damages for the death of her husband, resulting from his collision with an automobile owned and driven by appellee, Dr. G. L. Dyer. At approximately 9:30 o'clock on the night of May 5, 1943, the deceased, Dr. Henry G. Hartman, alighted from his automobile, which was parked alongside the north curb of Frankfort Avenue in the City of Louisville. He proceeded to cross directly to the south side of the avenue, in the center of which he stopped; looked in both directions; and continued walking until he reached the center of the eastbound car tracks, which was approximately twenty-eight feet from the north curb and eighteen feet from the south curb of the avenue. At this point he commenced running toward his intended destination, but before reaching which he was struck by the right side of the front bumper of Dr. Dyer's automobile, which was proceeding eastwardly at twenty to twenty-five miles per hour in a path parallel to, with the right wheels "just a little south" of, the eastbound car rails. Dr. Dyer testified he was keeping a lookout ahead, and did not see the deceased until he was within three to five feet of him, and too late to stop, blow his horn, or change his course in time to avoid the accident. The case was submitted to a jury, under instructions incorporating appellant's theory as to the primary negligence of appellee; as to his secondary negligence under the doctrine of last clear chance; and appellee's theory of contributory negligence on the part of appellant's decedent. The jury found for appellee, and judgment was entered accordingly.

Reversal is sought upon the contentions, (1) appellant was entitled to a peremptory instruction, because appellee, under the uncontradicted facts above stated, was guilty of negligence, as a matter of law, under the doctrine of last clear chance; and (2) the Court erred in admitting incompetent testimony introduced by appellee. We will discuss the errors complained of in the order named.

It is insisted the evidence shows conclusively that Dr. Dyer, in the exercise of ordinary care, could have seen Dr. Hartman in time to have avoided the accident with the means at hand; it is then argued that contributory negligence passed out of the case, there was no issue to submit to the jury, and appellee's liability was established as a matter of law. The uncontradicted

evidence relied on in support of this contention is the testimony of Dr. Dyer that he was driving a 1942 Cadillac sedan, with four-wheel brakes, and good headlights which would show an object three hundred (300) feet ahead; and the testimony of Virgil Graybeal, who related that, on the Sunday night previous to his taking the witness stand, he made a test with a Cadillac automobile of the *same model* as Dr. Dyer's; put it in the position on Frankfort Avenue in which Dr. Dyer testified he was driving; placed the headlights of the test car on the *same* beam as Dr. Dyer testified he had his at the time of the accident; and the headlights of the test car showed clearly an object at the north curb of Frankfort Avenue placed on a parallel plane nine feet ahead or to the east of the headlights. The weather conditions at the time of the test were not shown to be identical with those at the time of the accident, and the test car was not shown to be identical with Dr. Dyer's car by mere testimony to the effect it was of the same model and body type. But, even if similarities in these respects had been shown, it would have been a virtual impossibility for the person making the test to simulate all of the conditions surrounding the driver of the car participating in the accident which the jury must take into consideration in applying the doctrine of last clear chance. One making a test to discover an object which he knows will be presented to his view uses more care than the degree required of a driver of an automobile to discover an object of which he previously was not aware; and the one making the test probably is not keeping a lookout ahead for objects in other directions than the direction on which his attention necessarily is fixed in making the test. That being true, Graybeal's testimony concerning the test made was not conclusive of the fact that Dr. Dyer, by the exercise of ordinary care, could have seen Dr. Hartman in a position of peril in such time as thereafter to avoid the accident with the means at his disposal. At most, assuming the testimony to be competent, it could be submitted to the jury only for what they might have considered it to be worth in their determination of the ultimate fact. The facts in Robinson v. Higgins, 295 Ky. 446, 174 S.W. 2d 687, cited by appellant in support of her contention, are not analogous to the circumstances of this case. No question of contributory negligence entered into the Robinson case; therefore, the doctrine of last clear chance was not in-

volved. It is true the Court held that a person who runs beyond the limits of a dead-end street and into a large obstruction, without any intervening cause being shown, is guilty of negligence as a matter of law; and since there was no evidence of contributory negligence, it was incumbent on the Court to direct a verdict in favor of the plantiff, who was injured while sleeping in the rear seat of the car. The doctrine of last clear chance, as applied in this jurisdiction, is: Although the plaintiff may have been negligent, still he may recover if, after his peril is discovered, or by ordinary care should be discovered, the defendant, by the exercise of ordinary care and the means at his command, may avoid the injury. Ross v. Louisville Taxicab & Transfer Co., 202 Ky. 828, 261 S.W. 590, and cases therein cited. Thus, to attach liability under the doctrine, not only must it be shown that the peril in which the plaintiff has placed himself was, or by the exercise of ordinary care could have been, discovered; but, in addition thereto, that such discovery was, or could have been, made in time for the defendant to have avoided the injury by the exercise of ordinary care, using the means at his command. As to whether such discovery was, or could have been, made in time to avoid the accident, is almost invariably a question to be determined by the jury from all the circumstances of the case. It is obvious the Court did not err in submitting the question of liability, under the doctrine of last clear chance, to the jury.

The complaint concerning the introduction of incompetent evidence is based upon the following questions and answers:

"Q. Doctor (Dyer), from the time you first saw this object, as you have described it, and considering the distance it was in front of your car and where it was, was it humanly or physically possible for you to have stopped your automobile before you struck it? A. It wasn't physically possible. My reactions are very rapid, and it wasn't possible for me to stop that car sooner than I stopped it. It wasn't possible to swerve, and it wasn't possible to blow my horn because it wouldn't have done any good. I didn't see him until he got in the beam of my light, and I was right on him when I saw him. Just before he could get across, a few seconds, I hit him like that.

"Q. From the time you first saw him, and under

the circumstances as you have described, Doctor, could you have swerved your automobile either to your right or to your left and avoided striking Dr. Hartman? A. I couldn't stop and I couldn't swerve. I didn't have time to blow my horn or anything. The time was taken up in putting my brake on, attempting to stop the car, and I hit him before I got the car stopped. I didn't have time to swerve. I didn't see him in time to swerve. I didn't see him in time to signal.''

It is argued that, by permitting the winess to testify that it was not humanly or physically possible for him to have stopped his automobile, and that he could not swerve either to the right or to the left, the Court permitted the witness to usurp the province of the jury, and to testify as to the ultimate fact to be determined by the jury. The part of the answers about which complaint is made might be subject to this criticism, were it not for the fact that the witness related facts to substantiate the conclusions he drew in answering the questions. That being true, the evidence cannot be classified strictly as a conclusion of the witness. He stated that the reason he did not have time to blow his horn, or to swerve to the right or to the left, was that his time was taken up in putting on his brake and in attempting to stop the car. We think Dr. Dyer's testimony, as a whole, is not colored by this statement; nor was the jury, under all the circumstances of the case, misled by his opinion that he did not have time to sound a warning signal or to swerve his car to avoid the accident. As held in Goins v. Slusher, 282 Ky. 710, 140 S.W. 2d 363, it is error for the Court to permit witnesses to answer questions calling for an opinion as to whether the defendant did all he could to avoid striking and injuring the plaintiff, or whether in the circumstances there was anything he could have done to have avoided such eventuality. But, where the witness gives the facts upon which he bases his opinion, the verdict will not be set aside because, in addition to the reasons for drawing his conclusion, the witness expresses the conclusion itself; especially where the conclusion is not entirely superfluous. 20 Am. Juris. 771-774 inclusive; Greenleaf on Evidence, Vol. 1, Sec. 441, p. 550; Newport News & M. V. Co. v. Wilson, etc., 16 Ky. Law Rep. 262. Since all jurors are not skilled in the operation of an automobile, the conclusion in this instance was not superfluous. The question objected to was incompetent, and

the objection should have been sustained to the question in the form in which it was put; but it was rendered non-prejudicial by the answer of the witness, which answer would have been responsive to a competent question concerning what occurred.

The judgment is affirmed.