Constance Laverne MINOGUE, Adm'x, et al., Appellant,

v.

William Leroy THOMAS, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1954.

Raymond C. Stephenson, Louisville, for appellant.

Jasper Hagan, Louisville, for appellee.

MILLIKEN, Justice.

This is an appeal by Constance Laverne Minogue, administratrix of the estate of John Patrick Minogue, from a judgment finding for the appellee, William Leroy Thomas, in an action against him for the death of Mr. Minogue, whose death resulted from an intersection collision in Louisville about 1 a. m., October 4, 1952.

Mr. Minogue was a member of the motorcycle squad of the traffic division of the Louisville police, and was proceeding eastwardly on Broadway at the time of his collision with the automobile of William Leroy Thomas, which had been traveling westwardly on Broadway until it was turned southwardly on Fifteenth Street at the intersection of that street with Broadway. There is no dispute in the evidence that both vehicles had their headlights on, but Mr. Thomas did raise the question as to whether the police emergency or red light was flashing on Mr. Minogue's motorcycle at the time of the collision. The traffic light at the intersection was green for both vehicles. The motorcycle collided with the right rear side and right back wheel of the automobile. There was a conflict of evidence as to the speed of the motorcycle, one witness estimating its speed at 25 miles an hour and another at 45 miles an hour.

■ Our reading of the transcript of the evidence convinces us that it clearly was a question for the jury to decide whether the driver of either vehicle was negligent, and we, consequently, conclude that the trial judge acted properly in refusing to grant a peremptory instruction in favor of the officer's administratrix.

■ The appellant complains that the court erred in refusing to permit the introduction of a photograph of the intersection which was taken some months after the occurrence of the collision in question, or to permit Capt. Chadowin of the traffic division to give his opinion as an expert motorcyclist as to whether the deceased had properly operated his motorcycle. We believe the trial judge clearly acted within his discretion in refusing to permit the introduction of either the photograph or the opinion evidence of the officer. Hartman v. Dyer, 298 Ky. 173, 182 S.W.2d 646; Goins v. Slusher, 282 Ky. 710, 140 S.W.2d 363; Louisville & N. R. Co. v. Bell, 276 Ky. 778, 125 S.W.2d 239.

■ The appellant also complains that the trial judge erred in instructing the jury that it was the duty of the officer to operate his motorcycle at a rate of speed not to exceed 35 miles an hour, and in giving an instruction on contributory negligence. We believe the instruction as to speed was proper, and we conclude that the instruction on contributory negligence was clearly justified.

The judgment is affirmed.