**James McDOWELL, Appellant,**

v.

**Dennis H. BRATCHER, Appellee.**

**No. 13671.**

United States Court of Appeals
Sixth Circuit.

April 15, 1959.

---

Wm. A. Stephenson, Louisville, Ky. (Freeman B. Blackwell and Matthew B. Quinn, Jr., Louisville, Ky., on the brief), for appellant.

John P. Sandidge, Louisville, Ky. (William A. Hamm and Boyd F. Taylor, London, Ky., on the brief), for appellee.

Before MARTIN, Chief Judge, and SIMONS and McALLISTER, Circuit Judges.

MARTIN, Chief Judge.

The plaintiff in a damage suit for personal injuries received in an automobile accident has appealed from a directed verdict against him in the United States District Court for Eastern Kentucky.

The District Judge, in directing the verdict, stated that it was contributory negligence for the plaintiff to get out of the automobile, turn it over to an "extremely drowsy, sleepy man"; and then go to sleep himself "and assume the risk * * * of whatever might happen under all the circumstances." The court considered that the plaintiff thus had assumed the risk of injury. The evidence in the case developed sharp conflict between the testimony of the plaintiff and that of the defendant. Each testified that the other was driving the automobile at the time of the accident.

The trial judge seemingly was in error in recalling that the *defendant* had worked all night and was not in condition to drive his own car; and that he, therefore, turned the driving over to the plaintiff. The record shows, according to plaintiff's testimony, that it was actually he who had worked all night. But the plaintiff-appellant did testify to the statement by defendant that he was "tired and wore out" and to the fact that the defendant had asked him to do the driving. Plaintiff reportedly replied that he would drive until he got tired and then he would let the defendant take over the driving. He testified further that the defendant and Johnson (their companion) were asleep in the car on the night ride; but that, when they got to a certain bridge, they all "roused" and got out of the car to look at the bridge and to see if they could cross. According to the plaintiff, they then got back into the car and started again.

Plaintiff declared under oath: "I was getting pretty tired at that time, because I had worked all that night before. * * Well, I got out, shook Bratcher [the defendant-appellee], and told him to drive, that I was tired and worn out and I would love to rest awhile. So he got out of the car, stretched hisself [literal quote] out, and I asked him if he was all right to drive and he said 'yes'."

Appellant said that he then walked around the car, opened the door, pushed Johnson aside without waking him, and entered the car, not intending to go to sleep but merely to rest; that he gave the defendant directions as to how to reach his home some four miles away and asked to be awakened, if needed for further directions. He stated that Bratcher assented; whereupon, the appellant laid his head back and didn't know anything else until he found himself in the Veteran's Hospital next morning. McDowell [plaintiff-appellant] testified that, when

he turned the car over to Bratcher to drive, the latter was not "still woozy"; but was in good shape.

As previously stated, the testimony of the defendant-appellee was completely contradictory of that of the plaintiff-appellant, even as to which one was driving the car. The defendant stated his belief to be that the power steering on his car, to which appellant was probably not accustomed, perhaps had caused the wreck because the appellant was not familiar with that feature. He testified that McDowell drove the car off the highway on the right-hand side; and that "he just fell over the shoulder of the road."

█ Johnson, the third occupant of the car, did not testify.

It is long-established law that upon a motion for directed verdict in an action of this sort such motion should be denied unless—viewing the evidence in the light most favorable to the plaintiff—no liability upon the part of the defendant exists. In the instant case, if the testimony of the appellant himself be accepted as true, the case should have been submitted to the jury for determination of the facts as to whether or not the defendant was guilty of negligence in driving the car off the road and whether or not the plaintiff was guilty of contributory negligence of such character as would bar his recovery.

The testimony of the appellant fails to bring this case within the aegis of Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S.W.2d 647. In that case there was no dispute that, when decedent entered the automobile, it was well known to him that the driver was in a state of drowsiness and fatigue. In Robinson v. Higgins, 295 Ky. 446, 174 S.W.2d 687, a directed verdict for the plaintiff in an automobile-accident case was sustained. The Court of Appeals of Kentucky held that the evidence did not warrant submission of the question of plaintiff's contributory negligence to the jury because she had ridden with the driver whom she knew to be tired and sleepy.

We have considered carefully the numerous authorities cited and discussed by able counsel for the appellee, but we find that none of them sustains the action of the district court in granting a directed verdict for the defendant on the facts of the case at bar.

Accordingly, the judgment is reversed and a new trial is ordered.